## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

Jody R. Schum,

    Plaintiff,

v.

United States of America,

    Defendant

**Complaint**
Civil Action No. 3:25-cv-375 (ECC/ML)

1.    This is a suit arising under the Internal Revenue Code of 1986, as amended (26 U.S.C. §§1 *et seq.*[1]), for the receipt of a Federal income tax refund timely claimed by Plaintiff, Jody R. Schum, for calendar year 2017.

### JURISDICTION; VENUE

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1346(a)(1).

3.    Venue is appropriate under 28 U.S.C. §1402(a)(1).

### PARTIES

4.    Plaintiff, Jody R. Schum, is a citizen of the United States who presently resides at 236 Front Street, Apt. 2, Binghamton, New York, 13905.

5.    Defendant is the United States of America.

---

[1] All references herein to the Internal Revenue Code are to the Internal Revenue Code of 1986, as amended, and as in effect during 2017.

## COUNT I

6. Plaintiff filed his U.S. Federal income tax return for calendar year 2017 on or about July 5, 2022 (Plaintiff's "2017 Return"). The full name and address of Plaintiff (and the last four digits of his social security number), as they appeared on such return, were as follows:

>Jody R. Schum
>236 Front Street, Apt. 2
>Binghamton, New York, 13905
>XXX-XX-4196

7. On his 2017 Return, Plaintiff reported a tax liability of $767.

8. On his 2017 Return, Plaintiff claimed an earned income credit in the amount of $125, pursuant to 26 U.S.C. §32.

9. On his 2017 Return, Plaintiff claimed a credit for income tax withholding in the amount of $1,658, pursuant to 26 U.S.C. §31.

10. As a consequence of the foregoing, Plaintiff's 2017 Return claimed a refund of $1,016, which he never received.

11. Subsequent to the filing of Plaintiff's 2017 Return, the Internal Revenue Service ("IRS") disallowed Plaintiff's refund, in a Letter 105C dated May 10, 2023, because the return was deemed late, having been filed more than three years after its May 17, 2021, extended due date.

12. On May 10, 2024, Plaintiff appealed the IRS disallowance of his refund by providing the documentation required by Revenue Procedure 99-21, 1999-1 C.B. 960, specifically: (1) a written statement from Plaintiff's physician, Dr. Andrew Goodman, attesting to Plaintiff's "financial disability" (Section 4(1) of the Rev. Proc.); and (2) the required statement from the Plaintiff (Section 4(2) of the Rev. Proc.).

13.     On August 20, 2024, in a Letter 86C, the IRS confirmed receipt of Plaintiff's appeal and stated that he would be contacted within 60 days. As of this date, no such contact has occurred.

14.     Recently, counsel for Plaintiff contacted the IRS regarding the status of Plaintiff's appeal, and he was informed that the case "is still in progress."

15.     Plaintiff's 2017 Return was timely filed, and he is entitled to the refund claimed thereon, because, pursuant to 26 U.S.C. §6511(h)(1), the running of the filing and refund statutes of limitation set forth in 26 U.S.C. §§6511(a) and (b) are suspended during any period of a taxpayer's life during which he is "financially disabled," as defined in 26 U.S.C. §§6511(h)(2).

16.     Plaintiff was "financially disabled," as defined in 26 U.S.C. §§6511(h)(2), for the period that lasted from approximately September 15, 2017, to approximately April 15, 2023, in that, during such period, Plaintiff was "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

17.     Pursuant to 26 U.S.C. §6511(h)(2)(A), an individual is not considered to be financially disabled "unless proof of the existence thereof is furnished in such form and manner as the Secretary [of the Treasury] may require." This form and manner are set forth in Revenue Procedure 99-21, and Plaintiff complied with those requirements. *See* Paragraph 12, *supra*.

18.     Because more than sixty days have expired since the filing of Plaintiff's 2017 Return, and not more than two years have expired from the date of mailing by the IRS of the Notice of Disallowance of Plaintiff's refund claim, Plaintiff may begin this suit under 26 U.S.C. §7422(a), pursuant to 26 U.S.C. §6532(a)(1).

19. Plaintiff has complied with the requirements set forth in 26 U.S.C. §§7491(a)(2)(A) and (B). Accordingly, if Plaintiff introduces credible evidence with respect to any factual issue relevant to the timeliness of his 2017 Return, the Secretary of the Treasury shall have the burden of proof with respect to such issue.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in the amount of $1,016, the 2017 tax refund wrongfully withheld from Plaintiff, or such amount as Plaintiff may be entitled to, together with costs and interest as allowed by law, and for such other relief as the Court may deem appropriate.

*[signature]*

Robert G. Nassau
Attorney for Plaintiff
Low Income Taxpayer Clinic
Syracuse University College of Law
P.O. Box 6543
Syracuse, NY 13217-6543
Telephone: 315-443-4582
Facsimile: 315-285-9259
E-mail: Rnassau@syr.edu

Dated: March 26, 2025